IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THERESA C. W. PRYOR                                              PETITIONER

vs.              Civil Case No. 5:08CV00315 HLJ

T. C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

Now before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 by Theresa C. W. Pryor, an inmate of the Arkansas Department of Correction. Respondent states Petitioner entered a guilty plea on March 18, 2003, to violations of the Arkansas hot check laws and was sentenced to three years probation. Her probation was revoked on May 5, 2004, and she was sentenced to ten years imprisonment, which is the sentence she is currently serving. Petitioner states that, in September of 2003, the State

of Missouri dismissed charges that she violated Missouri's hot check laws because of lack of evidence, but the case was reopened in January of 2007.  Respondent states Arkansas Department of Correction records indicate Missouri lodged a detainer against Petitioner on October 27, 2007.  It appears from Petitioner's pleadings that she is attempting to challenge this detainer.

In her reply (DE # 13) she alleges she has properly requested disposition of these charges by the Missouri authorities, but she has received no response.  Respondent argues in his Response (DE #10) that the docket sheet in Petitioner's Missouri case does not reflect she has ever filed a challenge in Missouri to the detainer through the procedures set forth in the Interstate Agreement on Detainers (IAD).

Respondent has filed a Motion to Transfer or in the alternative, a request to join the Missouri Attorney General as a named party (DE #14). Petitioner opposes the transfer, stating she has already prosecuted one habeas petition in Missouri, but the court there dismissed it as premature because she has not been tried on the pending charges.  Respondent has submitted a copy of that court's order (Respondent's Exhibit 1), but he argues that the petition was no more than a duplicate of the petition filed in this case.

Respondent has also submitted copies of documents Petitioner has filed in Missouri, attempting to have the charges dismissed,

but Petitioner alleges she has never received a response from Missouri authorities. Petitioner has filed an amended petition (DE # 20) asking this court to dismiss the detainer.

The docket sheet in the case pending in Missouri reflects that, on April 4, 2009, Petitioner filed a document the Missouri court has interpreted as a request for disposition of the charges. Although Petitioner previously filed various motions, including motions to dismiss, it does not appear the court ever interpreted the motions as specifically requesting disposition of the charges. Since she has now filed the proper motion, I find this petition must be dismissed to allow her to exhaust her state remedies in Missouri.  See Parette v. Lockhart, 927 F.2d 366 n.2 (8th Cir. 1991)(finding district court in the district of confinement has jurisdiction to determine the validity of a detainer, but petitioner must exhaust all available state remedies in the demanding state).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed without prejudice for failure to exhaust. Respondent's Motion to Transfer (DE # 14) is denied.

SO ORDERED this 20th day of April, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge